Robinson v Henderson (2026 NY Slip Op 01744)

Robinson v Henderson

2026 NY Slip Op 01744

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ.

Index No. 365530/22|Appeal No. 6174|Case No. 2024-02550|

[*1]James Robinson, Plaintiff-Appellant,
vMica Gillian Henderson, Defendant-Respondent.

Green Kaminer Min & Rockmore LLP, New York (Maggie Kaminer of counsel), for appellant.
Fersch LLC, New York (Patricia A. Fersch of counsel), for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about March 28, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff husband's motion to reargue the court's pendente lite child support order, dated September 1, 2023, awarding defendant wife pendente lite monthly child support of $9,319 per month for the parties' four unemancipated children and, upon reargument, adhered to its prior order, unanimously affirmed, with costs.
Generally, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial (see Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], appeal dismissed 14 NY3d 921 [2010]). Plaintiff failed to establish that modification of the pendente lite child support award is warranted here (see Domestic Relations Law § 236[B][5-a]; Blake v Blake, 164 AD3d 1111, 1112 [1st Dept 2018]). Plaintiff, who is the higher earner, does not contend that he is unable to pay the court-ordered support, nor does he cite any other exigent circumstances warranting modification of the pendente lite order (see Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]). Indeed, he seeks only to reduce his temporary monthly child support obligation by $619, contending that the parties' 17-year-old daughter has chosen to primarily live with him, and thus he should not be paying child support for her.
Even if the parties' daughter was spending more time with plaintiff during this pending divorce action, the only court-ordered parental access schedule in the record directs that the parties share parenting time 50/50 with the two youngest children. There is no custody order establishing that plaintiff has custody of the 17-year-old, and thus, given his greater income, he remains the non-custodial parent for the purposes of calculating child support under the CSSA (cf. Rubin v Della Salla, 107 AD3d 60, 68 [1st Dept 2013]). For the same reasons, we also reject plaintiff's argument that he is entitled to a credit for his purported overpayments.
To the extent defendant contends that she is entitled to a greater pendente lite child support award, and that the court erred in granting plaintiff's motion to reargue in the first instance, neither argument is properly before this Court as defendant did not cross-appeal from the order. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026